UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CAWTHON,<br><br>*Plaintiff,*<br><br>v.<br><br>XUELIANG HUANG<br><br>*Defendant.* | Civil Action No. _____ |

## COMPLAINT

1. Plaintiff Scott Cawthon ("**Plaintiff**") by and through his attorneys, Nissenbaum Law Group, LLC as for his Complaint against Defendant Xueliang Huang ("**Defendant**") hereby alleges as follows:

## THE PARTIES

2. The Plaintiff is now, and at all times hereinafter mentioned was, a resident of Texas with a mailing address c/o the Nissenbaum Law Group, 2400 Morris Avenue, Suite 301, Union, New Jersey 07083.

3. Upon information and belief, Defendant Xueliang Huang is, and at all times hereinafter mentioned was, a resident with an address of:

guangdongsheng shenzhenshi futianqushatoujiedaotiananshequtairansilu113hao

tairankejiyuan210dongwuceng5C-240G

(address is listed as stated in Defendant's January 6, 2026, counter-notice, *see* **Exhibit A**).

## JURISDICTION AND VENUE

4. This is an action for infringement of registered and common law copyrights in violation of the Copyright Act, 17 U.S.C § 501.

5. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 512, and pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

7. This Court has personal jurisdiction pursuant to 17 USC § 512(g)(3)(d) and Defendant's affirmative consent through their submitted counter-notification under the Digital Millennium Copyright Act ("**DMCA**"). True and accurate copies of Defendant's counter notices are attached hereto as **Exhibit A**.

8. Specifically, Defendant resides outside of the United States and therefore affirmatively consented to the jurisdiction of Federal District Court in which the service provider (Amazon) may be found.

9. Moreover, Defendant submitted a counter-notice on January 1, 2026, providing a conflicting address, *see* **Exhibit A**. Upon information and belief, the address listed in the January 1, 2026 counter-notice is false.

10. An Amazon fulfilment center is located within this jurisdiction, with an address of 7 W 34th St, New York, New York 10001.

## FACTUAL BACKGROUND

A. **PLAINTIFF'S COPYRIGHTS**

11. Plaintiff is the creator, author and intellectual property owner of the *Five Nights at Freddy's* ("**FNAF**") multimedia franchise, including two (2) major motion pictures, a series of video games and a significant portfolio of licensed merchandise. Plaintiff is the rightful legal owner of these properties, including, without limitation, the titles and characters thereof.

12. Plaintiff released the first installment of this renowned and successful video game series in August 2014.

13. The video game franchise has grown to include over twelve games, including: *Five Nights at Freddy's*, *Five Nights at Freddy's 2*, *Five Nights at Freddy's 3*, *Five Nights at Freddy's 4*, *FNAF World*, *Five Nights at Freddy's: Sister Location*, *Freddy Fazbear's Pizzeria Simulator*, *Ultimate Custom Night*, *Five Nights at Freddy's VR: Help Wanted*, *Five Nights at Freddy's AR: Special Delivery*, *Freddy in Space 2* and *Five Nights at Freddy's: Security Breach* (collectively, the "**Five Nights Games**").

14. The Five Nights Games are available for purchase and download for personal computers on Valve Corporation's Steam digital distribution platform; on mobile platforms such as Apple and Android; as well as traditional and virtual reality video game platforms, such as Sony PlayStation, Nintendo Switch and Microsoft Xbox.

15. Millions of people worldwide have purchased the Five Nights Games.

16. Plaintiff is the owner of over two hundred (200) registered copyrights related to, among other things, the images of the characters in the Five Nights at Freddy's franchise.

17. Without limitation, Plaintiff has registered copyrights in each of the foregoing character images (collectively, the "**Copyrights**"):

| **Exhibit B**<br>VA0001968311 – Freddy Fazbear |  |

| | |
|---|---|
| **Exhibit C**<br>VA0001968264 – Bonnie the Rabbit |  |
| **Exhibit D**<br>VA0001968265 – Foxy the Pirate | |
| **Exhibit E**<br>VA0001944551 – Chica the Chicken | |

| | |
|---|---|
| **Exhibit F** <br> VAu001220843 – Freddy Fazbear (Adventure Version – Golden) |  |
| **Exhibit G** <br> VAu001243629 – Baby |  |
| **Exhibit H** <br> VAu001243628 – Foxy the Pirate (Funtime Version) |  |

5

| | |
|---|---|
| **Exhibit I**<br>VAu001243624 – Freddy Fazbear (Funtime Version) |  |
| **Exhibit J**<br>VA0001973968 – Foxy the Pirate (Withered Version) |  |
| **Exhibit K**<br>VA0002081992 – Rockstar Freddy |  |

| | |
|---|---|
| **Exhibit L**<br>VA0001973972 – Bonnie the Rabbit (Nightmare Version) |  |
| **Exhibit M**<br>VA0001973971 – Freddy Fazbear (Nightmare Version) |  |
| **Exhibit N**<br>VAU001243626 – Ennard |  |

True and accurate copies of the certificates of registration for the aforementioned copyrights are attached hereto as **Exhibits B**, **C**, **D**, **E**, **F**, **G**, **H**, **I**, **J**, **K**, **L**, **M**, and **N** respectively.

18. Plaintiff, through his licensing entity Scottgames, LLC, actively licenses the famous FNAF characters, including, without limitation, the characters that are the subject of the Copyrights, for use in a variety of merchandise products.

19. The entire FNAF licensing portfolio has produced millions of dollars at retail stores.

20. The authorized license program includes, without limitation, authorized licensees who develop and sell collectible toy figures depicting the characters such as, for example, the following:



21. Indeed, the Five Nights Games and the copyrighted characters have a high degree of consumer recognition.

22. The Defendant undoubtedly had access to the original elements constituting the Copyrights.

23. This is an action arising from Defendant's willful, knowing and unlawful sale, reproduction, promotion and distribution of FNAF merchandise, namely <u>unlicensed</u> toys reflecting the character images of the Copyrights.

B. **DEFENDANT'S WRONGFUL ACTS**

24. Defendant is an Amazon seller.

25. Defendant willfully and knowingly produces, promotes and distributes the Infringing Product, which is unauthorized, unlicensed and infringing reproductions or derivative works of the copyrighted characters.

26. Upon information and belief, Defendant marketed and sold toys that copy, embody, or constitute derivative works of, the Copyright.

27. Defendant advertised the following products for sale ("**Infringing Products**") in the applicable Amazon listings:

| Complaint ID | Product Name and Size | ASIN# | Product Image |
|---|---|---|---|
| 18967450671 | LASAMA Action Figures Set, 5 Pcs Game Figures Toys with Light, Movable Toys Dolls with Light, Collectible Gifts and Cake Toppers | B0CXDS2S1V | |
| 18967450671 | lasama Action Figures, 8Pcs Game Figurines Toys with 50PCS Sticker for Video Games Fans, 2.6 Inch Collectible Playset for Boys and Girls for Cake Toppers Decorations | B0D2D4GQ8Y | |

28. True and accurate copies of the Amazon listings for the Infringing Products are attached hereto as **Exhibit O**.

29. Defendant is not an authorized licensee of Plaintiff.

30. Defendant advertised using Plaintiff's Copyrights for commercial purposes without being granted permission by Plaintiff.

31. Defendant has not paid Plaintiff any royalties nor requested any permission for use of the Copyrights.

32. The Infringing Product utilizes the Copyrights without adding any transformative element.

## C.     DIGITAL MILLENNIUM COPYRIGHT ACT COMPLAINT

33. On or about December 3, 2025, Plaintiff submitted a complaint to Amazon pursuant to the DMCA to request Amazon remove the Infringing Product.

34. On or about December 10, 2025, Amazon removed Defendant's products from its platform.

35. On or about January 1, 2026, and January 6, 2026, Defendant filed counter-notifications, issued under 17 U.S.C. § 512 (the "**Counter Notices**").

36. As set forth more fully above, Plaintiff is the owner and holder of the copyrights. *See* **Exhibits B-N**, respectively.

37. On or about January 1, 2026, and January 6, 2026, Defendant filed the Counter Notices, wherein Defendant certified to the following, upon penalty of perjury:

- their name (XUELIANG HUANG);

- email address (DINKY2021@126.COM).

- They consent to the jurisdiction of any judicial district in which Amazon may be found.

- o   They <u>agree to accept service</u> of process from Plaintiff or his agent.

- o   They have a "good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."

*See* **Exhibit A**. They also certified that their statements contained in the Counter Notices were <u>true and correct under penalty of perjury</u> and that any false statements in the Counter Notices could lead to civil penalties and criminal prosecution. *Ibid.*

**FIRST COUNT**
**Copyright Infringement: 17 U.S.C. §§ 106, 501**

38.     Plaintiff repeats and incorporates by reference the allegations of each preceding paragraph as if fully set forth herein.

39.     Plaintiff is the sole owner of the Copyrights.

40.     Defendant had access to the Copyrights.

41.     The Infringing Products are substantially similar to the protectable elements of the Copyrights.

42.     Pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 101 *et seq.*, Plaintiff, as the owner of the copyrights, has the exclusive right to reproduce the copyrighted works, prepare derivative works based upon the copyrighted work and distribute copies of the copyrighted works to the public by sale.

43.     By reproducing, distributing, promoting and incorporating the protectable, original elements of the copyrighted characters into the Infringing Product in violation of Plaintiff's exclusive rights, Defendant has infringed Plaintiff's copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44. By creating unauthorized derivative works of the copyrighted characters and the original elements of those protected works in violation of Plaintiff's exclusive rights, Defendant has infringed Plaintiff's copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

45. Defendant's act of infringement is willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

46. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages and profits, 17 U.S.C. § 504(b), for Defendant's infringement of Plaintiff's copyrights.

47. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of Plaintiff's copyrights.

48. In addition, Plaintiff is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 505.

49. Plaintiff is also entitled to prejudgment interest any damages awarded for Defendant's infringement of Plaintiff's copyrights.

50. Furthermore, Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502, 503, Plaintiff is entitled to preliminary and final injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an Order and Judgment as follows:

1. Entry of an order (on a preliminary and permanent basis) requiring that Defendant and his officers, agents, servants, employees, owners and representatives, and all other persons or entities be ordered to:

    (a) Disclose all websites and other locations where the Infringing Products are sold;

    (b) Disclose any and all products infringing upon Plaintiff's intellectual property;

    (c) Disclose the means by which the Infringing Products are manufactured and where the manufacturing occurs;

    (d) Turn over any and all of the Infringing Products and any other products infringing upon Plaintiff's intellectual property;

    (e) Provide an accounting of all inventory of the Infringing Products and any other products infringing upon Plaintiff's intellectual property;

    (f) Provide an accounting of any and all sales of the Infringing Products and any other products infringing upon Plaintiff's intellectual property;

    (g) Remove the Infringing Products and any and all other products infringing upon Plaintiff's intellectual property from any and all websites or other points of sale;

    (h) Immediately cease any and all infringement of Plaintiff's intellectual property;

      (i)      File with this Court and serve upon Plaintiff within thirty (30) days of the entry of an injunction a written report under oath describing in detail the manner and form in which Defendant complied with the injunctive relief set forth in this section, pursuant to 17 U.S.C. § 503;

    2.    Ordering Defendant to pay a judgment in the amount of Plaintiff's actual damages and any additional profits of Defendant;

    3.    In the alternative, ordering Defendant to pay a judgment of statutory damages for all of Defendant's infringements in an amount the Court considers just under 17 U.S.C. § 504 (c);

    4.    Ordering the destruction of infringing articles in the possession of the Defendant pursuant to 17 U.S.C. § 503;

    5.    Ordering Defendant to pay Plaintiff's attorney's fees and costs of this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 512(f);

    6.    Ordering Defendant to pay pre-judgment interest to Plaintiff for Plaintiff's copyright claims;

    7.    Ordering Defendant to pay post-judgment interest to Plaintiff pursuant to 28 U.S.C. § 1961; and

    8.    Granting Plaintiff such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

Respectfully submitted,

Dated: January 12, 2026         By:   */s/ Anthony C. Gunst IV*
                                            Anthony C. Gunst, IV
                                            NISSENBAUM LAW GROUP, LLC
                                            2400 Morris Avenue, Suite 301
                                            Union, New Jersey 07083
                                            Tel:  908-686-8000
                                            Fax: 908-686-8550
                                            ag@gdnlaw.com
                                            *Attorneys for Plaintiff*